*1235 JABAR, J.,
dissenting,
[¶ 20] I respectfully dissent because I do not believe that a California court’s order concerning a discovery dispute should be given preclusive effect on a defamation claim in Maine. The law addressing defamation claims in California and Maine is not identical, and because of significant differences we should not give deference to the California court’s order. For the reasons discussed below, I would vacate the trial court’s decision and remand for further proceedings.
I. DISCUSSION
A. Restatement of Judgments
[¶ 21] The Court refers to the Restatement (Second) of Judgments § 28 (Am. Law Inst. 1982) to support its decision. Court’s Opinion ¶ 13. The Restatement in fact supports vacation of the trial court’s judgment. It reads:
¡Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
(1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or
[[Image here]]
(3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them; or
(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or
(5)There is a clear and convincing need for a hew determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.
Restatement (Second) of Judgments § 28.
[¶22] The California discovery order against Gunning meets several of these exceptions to the general rule of issue preclusion. First, pursuant to section 28(1) Gunning could not have obtained review of the judgment of the California Superior Court. Next, pursuant to sections 28(3) and (4), because California applies a different burden at the threshold of a case to litigants making defamation claims than the burden applied in Maine, a new determination of the issue is warranted. Finally, pursuant to section 28(5), there is a clear and convincing need for a determination in Maine of the scope of First Amendment protection when it conflicts with a plaintiffs right to seek recovery for defamation because this conflict involves important public interests.
*1236 B. Inability to Seek Review
[¶ 23] The Restatement provides that re-litigation is not precluded where “[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action.” Restatement (Second) of Judgments § 28(1). Though the Court asserts that Gunning should have sought review in California of the order granting Doe’s motion to quash, Court’s Opinion ¶¶ 13-15, I disagree that as a matter of law review was available to Gunning.
[¶ 24] The California Code of Civil Procedure provides that when a California superior court issues an order resolving a motion to quash, “a person aggrieved by the order may petition the appropriate court of appeal for an extraordinary writ.” Cal. Civ. Proc. Code § 2029.650(a) (Deering, LEXIS through ch. 4 of the 2017 Reg. Sess.); Cal. Civ. Proc. Code § 2029.600(a) (Deering, LEXIS through ch. 4 of the 2017 Reg. Sess.). The case law in California indicates that an extraordinary writ is difficult to obtain: “[discovery] rulings are typically vested in the trial court’s discretion, and even if an abuse can be shown it is often impossible for the aggrieved party to establish grounds for interlocutory intervention.” O’Grady v. Superior Court, 139 Cal.App.4th 1423, 44 Cal.Rptr.3d 72, 82 (2006). Only when an immediate harm is threatened by failure to grant review, “such as loss of a privilege against disclosure, for which there is no other adequate remedy,” will review be granted. Id. at 83 (emphasis added); see also Raytheon Co. v. Superior Court, 208 Cal.App.3d 683, 256 Cal.Rptr. 425, 427 (1989) (“[W]rit review is appropriate when [a] petitioner seeks relief from an order which may undermine a privilege.”).
[¶25] The extraordinary writ required for Gunning’s discovery appeal to move forward in California is not available to her because such a writ would only be granted if the facts were flipped—to achieve the writ, the order would need to have breached some privilege, rather than maintained it. For example, review by extraordinary writ has been granted when a court’s order denying motions to quash resulted “in the production of privileged materials and threatened] the confidential irelationship” between a client and an attorney. Bank of Am., N.A. v. Superior Court, 212 Cal. App.4th 1076, 151 Cal.Rptr.3d 526, 546 (2013) (quotation marks omitted). Nor was Gunning subject to the immediate harm that is required to be granted an extraordinary writ. The only review permitted for the discovery order was by extraordinary writ, and it was, as a matter of California law, unavailable to Gunning.
[¶ 26] It is unrealistic for the Court to assume otherwise. See Court’s Opinion ¶ 13. A litigant need not go through a lengthy and expensive process to demonstrate something that is legally evident on its face. Where we can plainly see that review of the discovery order was not available in California, pursuant to section 28(1) of the Restatement, we should not allow collateral estoppel to prevent Gunning from litigating her defamation claim in Maine.
C. Differing Burdens
[¶27] The Restatement also provides that relitigation is not precluded if the issue is one of law and a “new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts,” or where “[t]he party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action.” Restatement (Second) of Judgments § 28(3)-(4). Here, both of these exceptions are implicated for essentially the same reason: the law ad *1237 dressing the issue of whether or not the litigant has a “heightened burden” when asserting a defamation action, against an anonymous speaker has not previously been decided by this Court. California, in contrast to Maine, has adopted a “heightened burden” standard requiring a. prima facie showing of the elements of the plaintiffs claim in order to overcome a motion to quash a subpoena seeking the speaker’s identity. See Krinsky v. Doe, 159 Cal.App.4th 1154, 72 Cal.Rptr.3d 231, 245 (2008). Applying the California law here imposes California’s “significantly heavier burden of persuasion” upon Gunning. See Restatement (Second) of Judgments § 28(4).
[¶ 28] The drafters of the comments to the Restatement assert that in subsequent cases such as this, “the more flexible principle of stare decisis is sufficient to protect the parties and the court from unnecessary burdens.” Id. cmt. b. “A rule of law declared in an action between two parties should not be binding on them for all timé, especially ... when other litigants are free to urge that the rule should be rejected. Such preclusion might unduly delay needed changes in the law and might deprive a litigant of a right that the court was prepared to recognize for other litigants in the same position.” Id. Allowing the California order to determine the outcome of Maine defamation claims by collaterally estopping litigation in Maine on the basis of discovery orders delays needed review of Maine law and deprives litigants of rights that would otherwise be recognized.
[¶ 29] Additionally, “reexamination [of a legal principle] is particularly appropriate when the application of the rule of issue preclusion would impose on one of the parties a significant disadvantage.” Id. cmt. c. This conflict between a litigant’s right to access the courts and a defendant’s First Amendment rights is analogous to Maine’s anti-SLAPP statute, which imposes a statutory burden upon those bringing claims ■ that implicate a party’s constitutionally protected First Amendment rights. See 14 M.R.S. § 556 (2016). In an anti-SLAPP case, upon a showing by the speaker “that the claims against it are based on the exercise of that party’s constitutional right to petition,” the burden shifts to the nonmoving party to demonstrate prima facie evidence through pleadings and affidavits that “at least one of the moving party’s petitioning activities was devoid of any reasonable factual support or any arguable basis in law and caused actual injury to the [non-moving party],” Nader v. Me. Democratic Party, 2013 ME 51, ¶¶ 13-14, 66 A.3d 571; see also 14 M.R.S. § 556. This procedural hurdle placed before litigants in Maine is similar to the “heightened burden” hurdle imposed by California on litigants pursuing a defamation action against a defendant claiming protected speech under the First Amendment.
[¶ 30] Like our jurisprudence addressing the anti-SLAPP statute, we are faced with a clash between Gunning’s right to access the courts for redress of grievances, and Doe’s First Amendment rights. However, unlike the anti-SLAPP protections, there is no Maine legislation nor any Maine case law imposing a “heightened burden” upon litigants who bring defamation claims against individuals claiming that First Amendment protection. Instead, there is only case law in a few scattered states that have placed this type of threshold hurdle against plaintiffs. To date, we have not established such a hurdle, nor has the United States Supreme Court. There áre serious policy concerns that this Court should consider prior to placing this type of obstacle in front of litigants, not the least of which is whether such an obstacle should be imposed by us or by the Marne Legislature.
*1238 [¶31] The policy concerns are significant. The California court relied upon Krinsky to require that Gunning show a prima facie case of defamation. Krinsky, in turn, relied upon Dendrite International, Inc. v. Doe, 342 N.J.Super. 134, 775 A.2d 756 (2001); Doe v. Cahill, 884 A.2d 451 (Del. 2005); and Highfields Capital Management L.P. v. Doe, 385 F.Supp.2d 969 (N.D. Cal. 2004), among other cases, to hold, after a thorough analysis of methods by which courts in several jurisdictions balance the competing rights of access to the courts and First Amendment protection, that California will require a prima facie showing before allowing discovery to proceed in defamation cases against anonymous speakers. Krinsky, 72 Cal.Rptr.3d at 241-46. The Krinsky court undertook a California-specific assessment of the case law, noting that it was addressing “California subpoenas” and that “specific Dendrite criteria to defeat a protective order or motion to quash may likewise be dependent on the different pleading and motion procedures across states.”[9] Id. at 244. The court even pointed out that in certain states the second Dendrite criterion would be “essential,” whereas in other states, it would be “superfluous.” Id.
[¶ 32] We should engage in our own assessment of whether to impose a “heightened burden” in defamation claims against anonymous speakers asserting First Amendment protection.[10]
D. Public Interests
[¶ 33] Finally, the Restatement provides that relitigation is not precluded when “[t]here is a clear and convincing need for a new determination of the issue ... because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action.” Restatement (Second) of Judgments § 28(5)(a).
[¶ 34] In Maine, we have not addressed whether the Dendrite “heightened burden” or some other procedural hurdle at the *1239 commencement of the suit will be the law of our state.[11] Even though the Maine Superior Court in this case indicated that Gunning had presented a prima facie case, the Court today is preventing Gunning from proceeding with her defamation claims because a California court interpreting California state law concluded that pursuant to an analysis applied uniquely in California—which the Krinsky court found “unnecessary and potentially confusing,”' Krinsky, 72 Cal.Rptr.3d at 244—Gunning had not presented a prima facie case. This is not the approach that we should take.
[¶ 36] Also concerning is the California court’s conclusion that the speech at issue was parody and therefore protected by the First Amendment, rendering the speech not actionable.[12] What constitutes parody includes factual determinations best left to a jury. See Masson v. New Yorker Magazine, 501 U.S. 496, 522, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991) (stating that when “[a] reasonable jury could find a material difference between the meaning of [a published, written] passage and [a] tape-recorded statement,” the falsity of the published passage is a jury question); Nike, Inc. v. “Just Did It” Enters., 6 F.3d 1225, 1232 (7th Cir. 1993) (discussing several trademark parody cases in which summary judgment was vacated because “[t]oo many disputed facts require[d] a trial for resolution”); Anheuser-Busch, Inc. v. L & L Wings, Inc., 962 F.2d 316, 317-18, 320 (4th Cir. 1992) (holding that a federal district court judge “improperly assumed the jury’s role of determining” whether a t-shirt depicting a beer can was parody when the district court granted entry of judgment notwithstanding the verdict, because “the jury was uniquely positioned to make the critical determination in that regard”); San Francisco Bay Guardian, Inc. v. Superior Court, 17 Cal.App.4th 655, 21 Cal.Rptr.2d 464, 468 (1993) (“It is not for the court to evaluate the parody as to whether it went ‘too far.’”); Kiesau v. Bantz, 686 N.W.2d 164, 177 (Iowa 2004) (“To be a parody, the jury must find the altered photograph could not reasonably be understood as describing actual facts ... or actual events .... ”), overruled .on other grounds by Alcala v. Marriott Int’l Inc., 880 N.W.2d 699, 708 & n.3 (Iowa 2016). Because the California court entered into its own assessment, based on review of the parties’ moving papers, of whether the speech constituted a parody, thereby reducing a mixed question of fact and law into a question of law, the California court’s discovery order should not have preclusive effect on the litigation of the issue in Maine.
[¶ 36] Furthermore, the Maine Superior Court stated that it believed Gunning had established a prima facie case of defamation and that there was a genuine issue of fact as to whether Doe’s speech constituted parody, but it felt compelled to collaterally estop Gunning from litigating the issue because of the California court’s discovery decision. Unless and until we im *1240 pose a “heightened burden” on litigants claiming defamation, a jury, rather than a court, should determine whether Doe’s speech was parody. Because of the status of the law in Maine, the issues in the California court are not identical to those before the court in Maine and do not warrant preclusive application of collateral es-toppel.
[¶37] Despite the Maine trial court’s indication that Gunning may have satisfied the “heightened burden” standard, we are allowing the California law to prevent Gunning from pursuing her defamation case in this state. Maine has never ruled that there is a “heightened burden” for a plaintiff to make a prima facie showing of defamation before proceeding with a claim. A decision of this magnitude should not be decided by simply deferring to a California trial court’s imposition of a “heightened burden” on a discovery order. See Restatement (Second) of Judgments § 29(7) (Am. Law Inst. 1982) (stating that a party should not be precluded from relitigating an issue when “[t]he issue is one of law and treating it as conclusively determined would inappropriately foreclose opportunity for obtaining reconsideration of the legal Me upon which it was based”).
[¶ 38] “Decisions of this sort demonstrate that res judicata, as the embodiment of a public policy, must, at times, be weighed against competing interests, and must, on occasion, yield to other policies.” Spilker v. Hankin, 188 F.2d 35, 38-39 (D.C. Cir. 1951). “[WJhen as here private litigation has extensive implications of public import, the Me of res judicata or estop-pel is not allowed to stultify reassessment of the prior decision. The public interest supersedes the private interest.” Griffin v. State Bd. of Educ., 296 F.Supp. 1178, 1182 (E.D. Va. 1969). Because the public interest in Maine courts establishing our own framework for balancing the rights at stake in this case outweighs Doe’s interest in not relitigating the issue of whether Doe’s speech constitutes defamation, I cannot join the Court’s decision.
II. CONCLUSION
[¶ 39] There are significant issues in today’s society surrounding social media, blogs, and claims of “fake news.” The law in this area is evolving, and we should be making our own decision as to what is the best policy for Maine. Furthermore, as was done by the Maine Legislature with our anti-SLAPP statute, the Legislature should determine whether any “heightened burden” should be imposed upon litigants at the filing stage. This important policy decision should not be resolved by a discovery order in California.
[¶ 40] I would vacate the Maine Superior Court’s decision and remand the case so that it may proceed as any other defamation case filed in a Maine court.

. It is worth noting that the Dendrite court’s analysis emphasized that "New Jersey’s State Constitution affords even greater protection to persons’ rights to free speech than does [the] federal Constitution .... ” Dendrite Int'l, Inc. v. Doe, 342 N.J.Super. 134, 775 A.2d 756, 765 (2001). Other courts have therefore applied a "heightened burden” to plaintiffs in defamation cases based on state constitutional protections that may or may not be coextensive with the constitutional protections guaranteed by the Maine Constitution, see id. at 766—protections that the Court here does not address.

. In this case, the Maine Superior Court mistakenly concluded that Maine and California law are identical, imposing a "heightened burden” on litigants pursuing a defamation claim against an anonymous defendant. The court attempted to define the issue before it by stating that "[t]he motions to quash before the court turn on whether Gunning has met her burden of demonstrating entitlement to proceed with discovery when her rights are weighed against what the Law Court has stated as 'the recognized right to anonymous speech,’ ” citing to our decision in Fitch v. Doe, 2005 ME 39, ¶ 26, 869 A.2d 722.
In Fitch, however, Doe and amici urged the Court to adopt the “heightened burden” test enunciated in Dendrite, and the Court declined to address the question because Doe failed to raise a First Amendment issue in the trial court. Id. ¶ 27. As the Court today acknowledges, Court's Opinion ¶ 18 n.8, we have never held that Dendrite is the law in our state, or otherwise indicated that Dendrite or any similar "heightened burden” would control cases in which a plaintiff seeks to bring a defamation case.
It is therefore inapposite that, relying upon the elements from Dendrite, which the California court did not even cite, the Maine Superi- or Court would conclude that because "one of the essential Dendrite requirements”—whether Gunning established a prima facie case sufficient to support her libel claim—was fully litigated in California and decided adversely to Gunning, collateral estoppel precludes Gunning from relitigating her claim in Maine.

. The Court states in its opinion that if Gunning had litigated the motion to quash in Maine and the Maine court had ruled that Gunning had made out a prima facie case, that judgment would have preclusive effect in California. Court's Opinion ¶ 18 & n.6. This argument is misplaced because presently, under Maine law, Gunning would not be required to establish a prima facie case before proceeding with discovery.

. The Court states that the claim for defamation was for Doe’s comparison in newsprint of Gunning with the “Wicked Witch of the West” from The Wizard, of Oz, as well as a caption stating "Miss Prozac 2003.” Court’s Opinion ¶ 2. The article concerning Gunning also contains a more blatantly defamatory statement: “Rumors continue that, Marie is suffering from a bipolar disorder with acute depression and paranoia, amplified by substance abuse.”